PHOENIX INSURANCE COMPANY OF BROOKLYN v. JOHN W. HUNTER.

[49 South. 740.]

INSURANCE. *Fire policy. Cancellation. Return premium. Estoppel. Retention of check.*

> Where an insurance company, having the right to cancel its fire policy on five days' notice and the return of a proportionate share of the premium, directed its agent to cancel the same and the agent sent the company's written direction and a bank check for the proper sum due on a cancellation as a return premium to the insured who received and retained the same for more than five days before the property was burned, the policy was cancelled and no recovery could be had thereon, since the insured by his retention of the check waived payment of the return premium in money.

FROM the circuit court of Clarke county.

HON. JOHN L. BUCKLEY, Judge.

Hunter, appellee, was plaintiff in the court below; the insurance company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The opinion states the facts. The policy sued on was of the kind known as the "New York Standard policy." For the plaintiff the court below instructed the jury that the insurance company had no right to demand a surrender of the policy nor to cancel it unless plaintiff was given five days' notice of its intention to cancel the policy, nor until payment of the return premium or the proportionate part thereof to which he would be entitled under the terms of the policy, and that the mailing of a check therefor by the company's agent to Hunter, prior to the burning of the insured property, did not amount to a payment in money unless the jury should believe that Hunter accepted the check as cash.

*McLaurin, Armistead & Brien, Tim E. Cooper* and *Hallam & Cooper,* for appellant.

It was left to the option of either party to cancel the policy at any time upon giving notice to the opposite party five days prior to the cancellation. It was the contention of the company on the trial in the court below that it had taken advantage of this stipulation in the contract and had cancelled the policy under it by giving the required notice to the insured more than five days prior to the date of the fire, at which time the policy was no longer a live one. Proof of this fact could not have been made by the appellant at the trial under the plea of the general issue alone. It was special matter in defense, evidence of which could be introduced only upon the giving of notice thereof under the plea of general issue. This notice the company gave, and the evidence conclusively sustains the appellant's contention that the policy had been cancelled. The appellee sought

to avoid the cancellation on the ground that no legal tender of the unearned premium had been made to him by the appellant company. It was therefore necessary, before the appellee could give in evidence such special matter in avoidance or denial of such special matter so given notice of by the defendant, that he should have filed a written notice to the appellant with his plea, of his intention. But this notice he failed to give; and on the trial, while admitting receipt by him of five days' notice of the cancellation of the policy by the company prior to the date of the fire, he was permitted over appellant's objection to show in evidence that no strictly legal tender of the amount of said unearned premium had accompanied the notice of cancellation. Certainly this was special matter in avoidance such as is contemplated by Code 1906, § 744, and was therefore, in default of a counter notice, inadmissible. If the policy had been actually cancelled before the fire, appellee had no cause of action. Appellee contended that it had not been cancelled on account of the omission of the appellant company to tender the unearned premium. Then, the failure to tender the premium was special matter which could legally be introduced in evidence only under a special plea, or notice under the general issue. There can be no escape from this. At the time of the trial no issue had been joined as to the cancellation of the policy before the fire. This fact was set up in the company's pleadings and not denied by the pleadings of the appellee. Therefore, the refusal of the lower court to sustain appellant's objection to the giving in evidence of this special matter was clearly error. Code 1906, § 744; *Herndon v. Henderson,* 41 Miss. 584; *Tittle v. Bonner,* 53 Miss. 578.

The court below committed fatal error in overruling the company's motion to exclude the evidence and its motion for a peremptory instruction because, admitting the evidence offered by Hunter to be absolutely true, it is clear that at the date of the fire the policy sued on had been cancelled and was null and void. In other words, the right to cancel was not

dependent upon a tender of, or offer to return, the unearned premium.

Under the provision of the policy the giving of notice alone cancelled the policy. This notice is admitted to have been received by appellee more than five days before the fire. It was mailed on Dec. 28, 1907, and received by appellee on Dec. 31, 1907, in the morning. The fire did not occur until the night of Jan. 6, 1908. As a matter of fact, the representative of the appellant at Shubuta did more than was required of him, for he sent to appellee a check for the amount of the premium with the notice of cancellation. The company was not required by the provisions of the policy to refund the premium at the time of cancellation, but only "on surrender of this policy." Computing the time most favorably to appellee, he had the required five days' notice. Code 1906, § 1606; *Nickles v. Kendrick,* 76 Miss. 334; 28 Ency. Pl. & Pr. pp. 211–215; *Curtis v. Blair,* 26 Miss. 309; *Hall v. Cassidy,* 25 Miss. 48; *Morrison v. Gaillard,* 25 Miss. 194; *Penn. Plate Glass Co. v. Ins. Co.,* 42 Atl. 138. This notice alone, without tender of premium cancelled the policy.

"If the policy gives the insured the right at any time to cancel and return the unearned premium upon surrender of the policy, for the right to cancel upon notice, the return of the premium or tender thereof is not a condition precedent." 19 Cyc. 644.

When an insurance policy provides that it may be cancelled at any time by either party, "on giving notice to that effect" nothing but notice is necessary to cancel it, although the policy also provides that the company shall refund to the insured the unearned premium. *Newark Fire Ins. Co. v. Sammons,* 11 Ill. App. (11 Bradw.) 230; *Walther v. Penn. Fire Ins. Co.,* 2 App. Div. 328, 37 N. Y. Supp. 857; *Schwarzchild, etc., Co. v. Phenix Ins. Co.,* 124 Fed. 52, 59 C. C. A. 572 (affirming 115 Fed. 653); *Phenix Mut. Fire Ins. Co. v. Brecheisen,* 50 Ohio St. 542, 35 N. E. 53; *Goorburg v. Western Assur. Co.,* 150 Cal. 510; *Arnfeld v. Gdn. Assur. Co.,* 172 Pa. St. 605, 34 Atl. 580;

*Hopkins v. Phenix Ins. Co.* (Iowa), 43 N. W. 197; *Lampasa Hotel Co. v. Home Ins. Co.,* 43 S. W. 1081; *Aetna, etc., Co. v. Mount,* 90 Miss. 642.

It is manifest that the tender of the check was acceptable to Hunter, and that the reasons he did not cash the check and surrender the policy were, First: Because he was unwell; and, Second: Because he was in no hurry. He says, in effect, that he considered the policy cancelled, for he says he had five days. Five days for what? Manifestly five days only for his policy to run. Not for one moment did he decline the check because it was not in the shape of legal tender. The testimony of Patton, the local agent for appellant, shows that the money was in the bank to meet the check. See in this connection *Hopkins v. Phenix,* 43 N. W. 197; *Hillock v. Ins. Co.,* 20 N. W. 571.

The check received by appellee and held for six days, and not objected to by him on the ground that it was not in the shape of legal tender, constituted a valid tender. If a check is tendered by a debtor who has sufficient money in bank to pay it, and the creditor refuses to receive it on some other ground than that it is a check, the tender is valid. In *Collier v. White,* 67 Miss. 133, the check tendered was objected to on the ground that it was not only insufficient in amount, but also that it was not a legal tender. By inference the court holds that if the check had been sufficient in amount and not objected to on the ground that it was not legal tender, then the tender would have been good. See also *McGrath v. Gegner,* 39 Am. St. Rep. 415; *Lampasas v. Home Ins. Co.,* 43 S. W. 1081; *Travellers Ins. Co. v. Brown,* 35 South. 463. One who refuses a tender on a ground other than that it was not in money cannot afterwards change his ground and object to it for that reason. *Harriman v. Meyer,* 45 Ark. 37.

A creditor by returning the check sent to him by his debtor on the ground that the amount is too small waives any objection to the form of the tender. *Dale v. Richards,* 21 D. C. 312.

Failure to make objection that a certificate of deposit ten-

dered is not a legal tender is a waiver of such objection. *Gradle v. Warner,* 140 Ill. 123, 29 N. E. 1118.

A check, unless objected to, is a sufficient tender. *Wright v. Robinson,* 32 N. Y. Supp. 463; *Raymond v. McKinney,* 58 Mo. App. 303; *Mitchell v. Vermont,* 67 N. Y. 280; *Murphy v. Gold & Stock Co.,* 5 N. Y. St. Rep. 902, 3 N. Y. Supp. 804; *Jennings v. Mendenhall,* 7 Ohio St. 257.

This is a stronger case than where a check is returned on the ground of insufficiency in amount, because in this case the check was not returned at all. Hunter held on to the check for more than five days and until after the fire, without any sort of objection, intending to have it cashed when he felt well enough to go to town. He accepted it, and it was a good tender.

*D. W. Heidelburg,* for appellee.

The weight of authority is against appellant on the contention that no payment or tender of the unearned premium is necessary to effect a cancellation.

In Ostrander on Fire Insurance (2d ed.) § 15, p. 48, the author states the law as follows: "If a notice of intention to cancel is provided for, such notice must be given the insured or to some person having the authority to receive and act upon it, and a tender of the unearned premium must be made."

In Elliott on Insurance, § 299, the following language is used: "The provision relating to cancellation at the instance of the company requires that in addition to giving five days' notice, it must return or tender the unearned premium in order to effect a cancellation. Mere notice that the unearned premium will be returned by the agent of the company is not sufficient. There must be an actual return or tender of the money." He cites in support of the law thus laid down, *Griffey v. N. Y., etc., Ins. Co.,* 100 N. Y. 417; *Tisdale v. New Hampshire Ins. Co.,* 155 N. Y. 163, 40 L. R. A. 765, 55 Barb. (N. Y.) 28, 25 Barb. (N. Y.) 189, 47 Ill. 516, 51 Ill. 342, 33 Pa. 221, 45 Ga. 294, 87 Ill. App. 567.

In 2 Joyce on Insurance, § 1671, the law on the subject is expressed as follows: "A reservation of the right of the company to cancel the policy at any time by giving notice to that effect and refunding a ratable proportion of the premium is valid. In such case the return of the proportionate premium or a tender of the same to the assured or his agent authorized to receive the same, is an essential part of the cancellation, and is a prerequisite or condition precedent to cancellation. If the proportionate premium be not actually returned or tendered, the condition is not performed, and the policy continues in force, even though notice of the cancellation be given as specified. The authorities are well settled upon the point that actual payments must be made, and the return proportionate premium be actually received by the tender to the assured or his agent authorized to act in the premises to release the company from its obligations under the contract." In support of the text the author cites the following authorities: 12 Am. Reports, 575, 47 Ill. 516, 47 Kan. 309, 27 Pac. Rep. 979, 100 Ind. 566, 32 Mich. 402, 120 Mass. 330, 51 N. Y. 465, 14 Allen (Mass.) 329, 100 Pa. St. 137, 33 Pa. 221, 25 Barb. (N. Y.) 189, 51 Ill. 342; and see *Davis, etc., Co. v. Insurance Co.*, 37 L. R. A. 131.

Under the New York standard policy requirements a return or tender of the unearned premium is necessary, and a mere notice that it will be returned is insufficient. *Tisdale v. New Hampshire Fire Ins. Co.*, 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765.

The New York standard policy is the form of policy in this case, the language of the two being identical. By referring to the *Tisdale case,* above cited, it will be found that the policy contained the exact language contained in the policy issued to Hunter.

The case of *Aetna Ins. Co. v. Mount,* 90 Miss. 642, referred to in appellant's brief, presented quite a different question from the one involved in this case. In that case, payment of the policy was resisted on the ground of the failure of the insured

to keep a set of books and take an inventory as required by the terms of the policy. The policy provides that "the assured shall take a complete itemized inventory of the stock on hand once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of the issuance of this policy, or this policy shall be null and void from such date, *and upon demand of the assured* the unearned premium from such date shall be returned." The court there held that as there was no demand of the assured for the unearned premium the failure to return it was no bar to the company to avail itself of the defense that the assured failed to keep such inventory and a set of books as required by the terms of the policy. But in the provisions of the policy issued to Hunter relative to its cancellation, nothing is said about any demand being required to be made by Hunter for the return premium in case the company desired to cancel the policy. The clause of this policy, the construction of which is involved in the present suit, is as follows: "This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate." No demand for the unearned premium is here required as there is in the clause quoted in the *Mount case, supra.*

The case of *Insurance Co. v. Dobbins,* 81 Miss. 623, is stronger authority for the contention of appellee that a tender or return of the unearned premium is a necessary prerequisite to cancellation of the policy than is the *Mount case* in support of the contrary proposition. The facts and points at issue in neither of these cases were exactly the same as those involved in the present case.

The mere mailing to Hunter by Patton of the letter received

from the company with the letter he wrote Hunter, which merely referred to the letter from the company, and the enclosure of the check with the request that the policy he returned,. constituted neither a cancellation of the policy nor a notice that the company expected to cancel it at the expiration of the five days. It was not a cancellation of the policy for the reason that the company was not authorized to cancel it without giving five days' notice. It was not a notice that at the expiration of five days the policy would be cancelled, because the language used in the two letters' is not susceptible of such construction.

The mailing of the check of the agent with the request that the policy be returned to him was not a payment of the unearned premium. "A certified check is not properly tendered instead of money." *Barbour v. Hickey,* 24 L. R. A. 763.

The acceptance of a certified check does not operate as a payment. 18 Am. St. Rep. 312.

"A check on a bank is not of itself payment but is only so when the cash is received on it, and there is no presumption that a creditor takes a check in payment arising from the mere fact that he accepted it from the debtor." *National Bank of Commerce v. Chicago, etc., R. R. Co.,* 20 Am. St. Rep. 566.

"A certified check given in the ordinary course of business and unattended by special circumstances is not presumed to have been received as absolute payment." 46 Am. St. Rep. 560.

"Where a creditor takes a note or check for an antecedent debt it does not operate as a payment or extinguish the debt unless it is received by express agreement as payment." *Steinhest v. National Bank,* 28 Am. St. Rep. 132.

"A check on a bank is not payment unless by express contract it is so received." 38 Am. St. Rep. 615.

"The giving of a check is not payment until the money is received on it or the check is accepted by the bank at which it is made payable." 45 Am. St. Rep. 210.

The evidence does not show that Hunter accepted the check

as payment. Instead of so showing, the evidence negatives such a conclusion.

MAYES, J., delivered the opinion of the court.

On December 20, 1907, one Patton, an agent of the Phenix Insurance Company, issued a policy of insurance to J. W. Hunter in the sum of $500, of which sum $250 covered the storehouse and the remaining $250 a stock of merchandise owned by the insured and located in the store. Hunter lived about nine miles from the town of Shubuta, and there conducted a little store in the house on which the policy was taken out. The policy covered a period of one year, expiring on December 20, 1908, at noon. The premium on the policy, being $20.90, was duly paid by the insured, and was transmitted to the insurance company, domiciled in Atlanta, Ga.; by the local agent. Soon after the company was notified of the insurance, the assistant general agent wrote to the local agent at Shubuta the following letter: "Atlanta, December 26, 1907. Mr. W. H. Patton, Agent, Shubuta, Miss.—Dear Sir: Policy No. 33,396, J. W. Hunter. We are in receipt of daily report of the above policy, covering one store building and stock of merchandise of assured, nine miles from Shubuta. As this store is located in the country, it comes under our prohibition, and we will have to ask that you cancel and return the policy. Yours truly, J. Y. Stockdell, Asst. Genl. Agent."

Immediately upon receipt of this letter by the local agent, and on December 28 following, the local agent wrote the following letter to Hunter, viz.: "Shubuta, Miss., Dec. 28, 1907. Mr. J. W. Hunter—Dear Sir: The enclosed letter is explanatory. Please return policy to me. I enclose check for premium paid. Yours truly, W. H. Patton." It will be seen from the above that the local agent immediately wrote to Hunter, inclosing the letter received from the general office in Atlanta, also inclosing check on Shubuta Bank for premium, and canceling the policy and requesting the return of same. Hun-

ter lived on a free delivery route, and received the letter of Patton and all inclosures, including check, on December 31 following. Hunter made no reply to the correspondence, and retained the check without any objection of any kind.

In the policy of insurance is to be found the following condition: "This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy," etc. After the receipt of the letter and the retention of the check from December 31 until January 7 and more than five days after the notice was given, the storehouse and stock of goods was burned on January 6, 1908. On January 7, and the next day after the burning, Hunter went to the town of Shubuta and consulted his attorney, whereupon the check was tendered back to the local agent, and the following letter written to the insurance company, viz.: "Shubuta, Miss., Jan. 7, 1908. Phenix Insurance Company, Brooklyn, N. Y.—Dear Sirs: You are hereby notified that my storehouse and stock of goods, covered by your policy No. 33,396, was burned last night, January 6th, 1908. Yours very truly, J. W. Hunter." This letter seems to have been duly registered and receipted for by the insurance company. The insurance company denied any liability under the policy, claiming that the policy had been canceled on December 31, and that the cancellation became effective on January 5, 1908, whereupon suit was brought on the policy resulting in a judgment in favor of Hunter, from which this appeal is prosecuted.

The action of the insurance company in this case was more than a mere expression of an intention to cancel this policy. It was an actual cancellation, in so far as they could effect it. Under the conditions of the policy no cancellation could be effective until five days after the receipt of the notice by Hunter, but when the five days passed the policy stood **canceled.**

The action of Hunter in retaining this check for the full period of five days without objection operated as a waiver of any right he may have had to object on the ground that the actual money for the premium paid by him was not tendered when the notice of cancellation was given. If it be conceded that before cancellation it was the duty of the company to tender the actual money for the unearned premium, Hunter's action in retaining this check, without any objection, and not returning it within a reasonable time, and notifying the agent that he demanded the money instead of a check, necessarily constituted a waiver. Had he done so, it would have enabled the insurance company to effectuate its cancellation by delivering to him the actual money within the five days, and thus effectuating the cancellation within that time; and not having done so, and waiting until after the loss occurred, he cannot now make the objection that there was no tender of the premium. There is no liability under this policy on the part of the insurance company on the facts of the case.

*Reversed and remanded.*